UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **v.** | § | **No. 5:13-CR-580-RCL-5** |
| **DUNG HUYNH NGUYEN,** | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION

A defendant has a right to an untimely appeal if ineffective assistance of counsel deprived him of his initial chance. The Supreme Court and this Circuit hold that counsel must provide effective assistance to a defendant interested in appealing even if the defendant waived his right to an appeal. Defendant Dung Huynh Nguyen seeks the chance to appeal despite waiving that right in his plea agreement. Assessing his claim requires a case-specific factual inquiry. Upon consideration of the record, the Court is persuaded that the law is on Nguyen's side—he has the right to pursue an appeal, no matter how short-lived it may be. The evidence suggests that counsel acted unreasonably by failing to consult with Nguyen about an appeal, and this prejudiced Nguyen by depriving him of an appeal he otherwise would have taken. Therefore, Nguyen may file an out-of-time appeal.

## I. BACKGROUND

A grand jury indicted Nguyen for conspiracy to manufacture, distribute, and possess with intent to distribute controlled substance analogues. 2d Superseding Indictment, ECF No. 417. Nguyen, while represented by a separate attorney, signed a plea agreement on February 21, 2017, Plea Agreement, ECF No. 1066, and pleaded guilty to this Court on March 10, 2017, ECF No. 1065. Counsel at issue here began representing Nguyen on April 26, 2017, about two weeks

before sentencing. *See* Mot. for Admission, ECF No. 1137. This Court sentenced Nguyen to 108 months' imprisonment on May 8, 2017, Sentencing Tr. 15:3–11, ECF No. 1245, which was the agreed-upon sentence pursuant to the plea agreement, *id.* at 10:21–23. In the plea agreement, Nguyen waived the right to appeal his sentence "on any ground." Plea Agreement 8–9, ECF No. 1066.

In May 2018, Nguyen filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Mot., ECF No. 1306. In over 90 pages, Nguyen made only one meritorious legal claim—that his counsel failed to file a notice of appeal despite Nguyen instructing him to do so. *See* 2255 Op. 1–2, ECF No. 1337. Based on binding precedent that such a failure would permit an out-of-time appeal, this Court scheduled an evidentiary hearing to determine whether Nguyen could verify his claim. *Id.* at 8.

Testimony from the evidentiary hearing revealed that Nguyen and counsel had several phone calls on a prison-recorded phone line after Nguyen's sentencing. Hg. Tr. 9:8–19, ECF No. 1359. Nguyen obtained those recordings and filed a post-hearing brief incorporating arguments based on the contents of the phone calls. Def. Br. 5, ECF No. 1362. The government responded, Gov. Resp., ECF No. 1363, and Nguyen replied, Def. Reply Br., ECF No. 1364.

The recordings, which this Court has reviewed, reveal that a critical conversation between Nguyen and counsel took place immediately after Nguyen's sentencing on May 8, 2017. Def. Br. 6–7, ECF No. 1362. The 14-minute call began with Nguyen asking counsel if "that mean[s] that everything is done—there's no appeal?" Audio Recording: Phone Call (May 8, 2017, at 10:42 p.m.) (on file with the court). Counsel responded that "you have rights to appeal certainly . . . one way to appeal it is to attack how the judge ruled on your case, if he did it outside the norm, outside the guideline ranges." *Id.* To this, Nguyen commented that this Court

"didn't do that" here, and counsel agreed, saying he did not "think [this Court] did anything outside the range or anything that would let you win an appeal." *Id.* Counsel added that a constitutional deficiency would be another way to appeal, but that he did not "know if you have a good constitutional attack at this point." *Id.* Counsel then urged Nguyen to think of the "big picture"—instructing him that even if he won an appeal, this would cause Nguyen to "start over [and] go to trial" where he could face 20 years in jail if he lost. *Id.* Nguyen commented that undoing his plea and his existing sentence "doesn't really work in your favor." *Id.*

The discussion then shifted to a Rule 35 sentence reduction. *Id.* Counsel made clear that it would be difficult for Nguyen to provide the "substantial assistance" needed for a Rule 35 reduction because all of his coconspirators had already been sentenced. *Id.* Nguyen commented that this "doesn't leave me with any options" to reduce his sentence. *Id.* A second call lasting four minutes took place immediately after the first, and was limited to discussions of a possible Rule 35 reduction. Def. Br. 7, ECF No. 1362. Nguyen and counsel had at least five other phone calls after May 8, but never again discussed a possible appeal. *See id.* at 6.

## II. LEGAL STANDARD

A criminal defendant is guaranteed "reasonably effective" assistance of counsel by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant claiming ineffective assistance of counsel must show *both* that (1) counsel's representation "fell below an objective standard of reasonableness," and (2) counsel's deficient performance prejudiced him. *Id.* at 687–88. Courts must judge counsel's challenged conduct "on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

The Supreme Court clarified how *Strickland*'s framework applies to a counsel's ineffective failure to file a notice of appeal in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). In *Flores-Ortega*, the Court held that counsel's representation is patently unreasonable if a

defendant explicitly asks counsel to file a notice of appeal and counsel fails to do so. *Id.* at 477. On the other end of the spectrum, counsel's failure to file a notice of appeal is reasonable if his client explicitly told him *not* to file one. *Id.* When a defendant "has not clearly conveyed his wishes one way or another," a two-step analysis determines if the failure to file a notice of appeal was reasonable: (1) did counsel have a constitutionally imposed duty to consult with a defendant about an appeal; and (2) if so, did counsel "in fact consult[]" with the defendant. *Id.* at 477–78.

Furthermore, a defendant must prove that he was prejudiced by his counsel's unreasonable conduct to establish ineffective assistance. *Id.* at 481. Generally, a defendant proves prejudice by showing a reasonable probability that counsel's unprofessional errors caused a proceeding to have a different outcome. *Strickland*, 466 U.S. at 694. However, when counsel's unreasonable conduct deprives a defendant not of a fair judicial proceeding, but of a judicial proceeding in its entirety, prejudice is presumed—that is, a defendant must prove that his counsel's deficient performance deprived him of an appeal he otherwise would have taken, not that the appeal would have been meritorious. *See Flores-Ortega*, 528 U.S. at 483–84. Finally, even when a defendant waived his right to an appeal in a plea agreement, the presumption of prejudice recognized in *Flores-Ortega* still applies. *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019).

The remedy for counsel's ineffective failure to file a notice of appeal is to grant the defendant an out-of-time appeal. *See United States v. Pham*, 722 F.3d 320, 327 (5th Cir. 2013).

## III. DISCUSSION

### 1. Counsel's Conduct Was Objectively Unreasonable Under the *Flores-Ortega* Test.

Nguyen concedes that he did not expressly instruct counsel to file a notice of appeal. Def. Br. 3, ECF No. 1362. Instead, he argues that counsel acted unreasonably under the *Flores-Ortega* test because (1) counsel had a duty to consult with Nguyen about an appeal, and (2) counsel did not in fact consult with Nguyen. *Id.* This Court agrees for the following reasons.

**a. Counsel had a duty to "consult" with Nguyen about an appeal.**

Counsel must "consult" with a defendant about an appeal when "there is reason to think either (1) that a rational defendant would want to appeal . . . ***or*** (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480 (emphasis added). Whether a defendant who pleaded guilty received the sentence he bargained for or waived any appellate rights are "highly relevant" but non-dispositive factors in this inquiry. *Pham*, 722 F.3d at 324.

Nguyen does not argue that a rational defendant in his shoes would want to appeal. *See* Def. Br. 3–4, ECF No. 1362. Instead, he argues that by using the word "appeal" during the critical phone call with counsel, Nguyen reasonably demonstrated that he was "interested" in appealing. *Id.* at 7–8. The government contends that Nguyen's statement that an appeal "would not work in his favor," and Nguyen's failure to revisit the issue of an appeal after counsel had given his "reasoned legal opinions" establish that Nguyen was not "actually interested" in an appeal. Gov. Resp. 7–8, ECF No. 1363.

The first step in resolving this dispute is to determine what being "interested" in an appeal actually means. This term is not defined or expounded upon in *Flores-Ortega*. *See* 528 U.S. at 480–81. But by its common usage, the word "interested" does not suggest a rigorous standard, and case law supports this interpretation. First, the Supreme Court in *Flores-Ortega* stated that it expected courts to find a duty to consult in "the vast majority of cases." *See id.* at 481. Furthermore, in its most recent examination of *Flores-Ortega*'s "interest" standard, the Fifth Circuit found that a defendant's "interest" in appealing could be inferred through conduct that showed a general desire to receive a lower sentence, but not specifically a desire to appeal. *See Pham*, 722 F.3d at 325.

Nguyen's first question to counsel after receiving his sentence was whether he could appeal. Def. Br. 6, ECF No. 1362. *See Pham*, 722 F.3d at 325; *see also Thompson v. United States*, 504 F.3d 1203, 1208 (11th Cir. 2007) ("Thompson demonstrated an interest in an appeal by asking his attorney about [an appeal]."). Nguyen's direct question evidenced his interest in pursuing an appeal. Even so, Nguyen explicitly waived his right to appeal, and he received the 108-month sentence that he bargained for. *See* Gov. Resp. 7, ECF No. 1363. These factors weigh against Nguyen's "interest" argument. *Flores-Ortega*, 528 U.S. at 480. But, while relevant, these factors are not determinative, *Pham*, 722 F.3d at 324, and another circuit has determined that they are "overridden in a case . . . where [a] defendant *expressly stated an interest in appealing* to his trial counsel," *United States v. Herring*, 935 F.3d 1102, 1109 (10th Cir. 2019) (emphasis added).

*Pham* is a useful measuring stick for balancing these factors. Like Nguyen, Pham waived his right to appeal. *See Pham*, 722 F.3d at 322. But unlike Nguyen, Pham did not receive a sentence he bargained for. *See id.* at 322–23. After sentencing, Pham told his counsel he was "concerned" about his sentence and "wanted to do something to get less time." *Id.* at 325. The Fifth Circuit held this was enough for Pham's counsel to infer Pham was interested in appealing, and outweighed the fact that he had waived his right to an appeal. *Id.* at 325–26. Here, counsel for Nguyen did not need to infer Nguyen's interest in appealing because Nguyen expressly asked about an appeal after sentencing.

Moreover, the government's suggestion that Nguyen withdrew his interest in an appeal by his words and conduct later in the phone call is not persuasive. Nguyen demonstrated an interest in appealing when, right after sentencing, he asked counsel about an appeal. At that point, counsel had a duty to consult with Nguyen about an appeal. As discussed below, this

Court finds that counsel's subsequent discussion with Nguyen was not a "consultation" as defined by *Flores-Ortega*. If a defendant expresses an interest in an appeal and counsel talks him out of it without engaging in a consultation, the defendant has been denied effective assistance of counsel. Nguyen reasonably demonstrated to counsel that he was interested in appealing. Accordingly, counsel had a duty to consult with Nguyen about an appeal.

**b. Counsel did not "consult" with Nguyen about an appeal.**

The term consult "convey[s] a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. Counsel must do more than "simply give the defendant notice 'that an appeal . . . may be unavailing'" to satisfy the duty to consult. *United States v. Rivas*, 450 F. App'x 420, 424 (5th Cir. 2011) (quoting *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999)). Failure to advise a defendant about the time limit to appeal or of his right to appointed counsel is evidence that counsel has not "consulted" with his client. *See id.* at 426.

Nguyen argues that while counsel discussed the pros and cons of an appeal with him, counsel did not make a "reasonable effort" to discover his wishes about an appeal. Def. Br. 7, ECF No. 1362. Nguyen cites *Rivas* as support that merely advising a client that an appeal might be unavailing does not satisfy the duty to consult, and that counsel's failure to advise Nguyen about the time limit to appeal and of his right to appointed counsel was unreasonable. *Id.* at 8. The government counters that counsel did make a reasonable effort to discover Nguyen's wishes by discussing the pros and cons of an appeal and answering Nguyen's questions. Gov. Resp. 8, ECF No. 1363. It points to the fact that Nguyen waived his right to appeal in his plea agreement, received the sentence that he bargained for, and commented that an appeal would "not work in his favor" as support for its argument. *Id.* at 7–8.

This Court does not doubt that counsel believed an appeal was futile and against Nguyen's better interests. But the decision of whether to appeal rests solely with the defendant. *Flores-Ortega*, 528 U.S. at 479. The Fifth Circuit has emphasized that a defendant *must* be provided information about the timeline for filing a notice of appeal and of his right to court-appointed counsel in order to properly make this decision. *See Rivas*, 450 F. App'x at 424; *White*, 180 F.3d at 652. Because counsel failed to advise Nguyen about the timeline for an appeal, and failed to inform Nguyen that he would be assigned an attorney if he appealed, counsel could not have truly known whether Nguyen wished to appeal.

Additionally, counsel's statement to Nguyen that succeeding on appeal would merely undo his plea agreement and force him to go to trial, where a loss could result in 20 years in jail, did not give Nguyen a full picture of what could happen on appeal. Appealing a conviction and appealing the sentence for that conviction are separate matters. *See United States v. Lopez*, 183 F. App'x 435, 436 (5th Cir. 2006). Thus, counsel could have explained to Nguyen that it is possible to appeal a sentence, and that success would result in resentencing rather than a new trial. *See, e.g.*, *United States v. Simpson*, 132 F. App'x 550 (5th Cir. 2005) (remanding for resentencing after defendant was improperly sentenced following a guilty plea). Nguyen's statement that an appeal would not work in his favor must be viewed in context of counsel's omission of this information. That Nguyen waived the right to appeal his sentence does not preclude counsel's omission from being relevant. *See Garza*, 139 S. Ct. at 744–45.

This Court is bound by Fifth Circuit precedent, and *Rivas* and *White* are strong authority. Counsel at no point informed Nguyen about the appellate process other than to say that his chances of success were low, which does not qualify as a "consultation" under *Rivas*. If Nguyen had known about the time limit for filing an appeal, that counsel would be provided for him on

appeal, or that it would be possible to appeal his sentence without necessarily risking going to trial, perhaps his wishes as expressed during the critical phone call would have been different. In other words, counsel's efforts were not enough to reasonably discover whether Nguyen wished to appeal under the law of this Circuit. Accordingly, counsel did not "consult" with Nguyen about an appeal as required by *Flores-Ortega*.

**2. Defendant was Prejudiced by Counsel's Deficient Performance.**

Nguyen still must prove that counsel's deficient performance prejudiced him to succeed on his ineffective assistance claim. *Flores-Ortega*, 528 U.S. at 484. To prove prejudice, a defendant must show a reasonable probability that, but for counsel's deficient performance, he would have appealed. *Id.* A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *United States v. Bejarano*, 751 F.3d 280, 285 (5th Cir. 2014). That a defendant's potential appellate claims are meritless does not preclude a showing of prejudice. *Id.* Nor does the fact that a defendant signed an appeal waiver in a guilty plea. *Garza*, 139 S. Ct. at 747. A defendant who signed an appeal waiver, and whose counsel was deficient due to a failure to consult with the defendant about an appeal, can show prejudice. *Pham*, 722 F.3d at 322–23, 327. Evidence that a defendant expressed interest in an appeal to counsel is "highly relevant" to making the prejudice determination. *Bejarano*, 751 F.3d at 285.

Nguyen relies on his demonstrated interest in an appeal to counsel, and the fact that he filed a § 2255 motion with numerous disagreements about his conviction and sentence, to support a finding of prejudice. Def. Br. 12, ECF No. 1362. Case law within this Circuit backs the latter proposition. *See, e.g.*, *Esquivel v. United States*, No. 15-CV-553, 2016 WL 6902150, at *8 (N.D. Tex. Oct. 3, 2016), recommendation adopted, 2016 WL 6902183 (N.D. Tex. Nov. 21, 2016) (defendant's filing of a motion to reduce sentence supported finding that defendant would

have appealed if consulted); *cf. Pham*, 722 F.3d at 325 (interest in "doing something" to change a sentence is evidence of an individual's desire to appeal). And while Nguyen waited almost a year to file his § 2255 motion, which may indicate that he would not have timely appealed, *see Bejarano*, 751 F.3d at 287, this can be outweighed by record evidence that suggests otherwise, *see id.*; *Dillard v. United States*, No. 16-CR-116, 2019 WL 7759069, at *6 (N.D. Tex. July 31, 2019), recommendation adopted as modified, 2020 WL 434472 (N.D. Tex. Jan. 28, 2020).

The government does not address the prejudice prong in any meaningful detail. Instead, it alludes to the record and its other arguments, and says this context provides no "basis to claim" that Nguyen "would have actually filed a notice of appeal." Gov. Resp. 8–9, ECF No. 1363.

There is no way to know if Nguyen would have appealed after a consultation with counsel. But several considerations convince this Court that Nguyen has met his burden to undermine confidence in the result of his proceeding and show a reasonable probability he would have appealed but for counsel's failure to consult with him. *See Bejarano*, 751 F.3d at 285.

First, Nguyen's § 2255 motion of 90-plus pages shows that Nguyen had grievances about his case that he was interested in challenging. While these claims were frivolous, they show that Nguyen harbored objections that could have been raised (and rejected) on appeal, and Nguyen need not show that his underlying appellate claims have merit to prove prejudice. *See Flores-Ortega*, 528 U.S. at 484. Among these claims were issues with how this Court sentenced Nguyen. *E.g.*, Mot. 75–76, ECF No. 1306. It is relevant that, because of counsel's statements during the critical call, Nguyen believed that successfully appealing his sentence would necessarily result in going to trial rather than in a resentencing. *See supra*, Section III.1.b. Nguyen has outwardly expressed a desire to avoid a trial, *e.g.*, Plea Hg. Tr. 10:12–13, ECF No. 1324 (statement to this Court that "[n]o, sir, I don't want to go to trial"), and his guilty plea

implies as much, *see Flores-Ortega*, 528 U.S. at 480. Therefore, counsel's statements that a successful appeal would result in going to trial might help explain why Nguyen did not timely file a notice of appeal. If Nguyen had been "consulted" by counsel about the possibility of a resentencing, there is a reasonable probability that he would have appealed.

The "highly relevant" fact that Nguyen demonstrated an interest in an appeal to counsel right after sentencing further supports Nguyen's position that he would have appealed if counsel had adequately consulted with him. *See Bejarano*, 751 F.3d at 285. Because Nguyen has shown a reasonable probability that, but for counsel's failure to consult with him, he would have appealed, he has shown prejudice under *Flores-Ortega*. *See* 528 U.S. at 484.

## IV. CONCLUSION

Counsel's assistance to Nguyen was constitutionally ineffective. There is a reasonable probability that, but for counsel's deficient performance, Nguyen would have appealed. This Court ACCEPTS Nguyen's request to file an out-of-time appeal from the judgment in his criminal case. The Fifth Circuit has noted that "a district court does *not* have the authority to create appellate jurisdiction simply by ordering an out-of-time direct criminal appeal." *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001). Instead, the Circuit has crafted a judicial remedy that complies with the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed."). The proper procedure for granting an out-of-time criminal appeal from a § 2255 motion is therefore to dismiss without prejudice the portion of the § 2255 motion claiming ineffective assistance of counsel for failure to file a notice of appeal, withdraw the criminal judgment, and re-enter it onto the docket. *See West*, 240 F.3d at 459–61; *see also Pham*, 722 F.3d at 327.

Accordingly, the portion of Nguyen's motion claiming ineffective assistance of counsel for failure to file a notice of appeal will be DISMISSED WITHOUT PREJUDICE by separate order, and the Court will direct the clerk of the court to re-enter the judgment in Nguyen's Criminal Case ECF No. 1182, which will trigger a new appellate deadline. Nguyen will have 14 days to file an appeal against the new judgment pursuant to Fed. R. App. P. 4(b).

Nguyen's remaining § 2255 claims will be DENIED WITH PREJUDICE for the reasons set out in this Court's prior opinion, ECF No. 1337. Nguyen's motion to expand the record, ECF No. 1361, will be GRANTED *nunc pro tunc*.

SIGNED this 30th day of July, 2020

Royce C. Lamberth
United States District Judge